IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3157-D

| | |
|---|---|
| CHRIS FORDHAM, | ) |
| Plaintiff | ) |
| v. | ) **ORDER** |
| LIEUTENANT McRAE, et al., | ) |
| Defendants. | ) |

Chris Fordham ("Fordham" or "plaintiff"), a state inmate,[1] filed this action pursuant to 42 U.S.C. § 1983 [D.E.1], along with an application to proceed in forma pauperis [D.E. 2], and an affidavit supporting his complaint [D.E. 3]. On September 15, 2008, the court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) [D.E. 8]. The court dismissed several of plaintiff's claims as frivolous, but determined that Fordham's claim against defendants Superintendent Kenworthy and Lieutenant McRae that he was exposed to environmental tobacco smoke ("ETS") was not clearly frivolous. Id. The court ordered plaintiff to amend, by October 10, 2008, his complaint regarding his claim against the individual responsible for his transportation between Pender Correctional Institution and Lumberton Correctional Institution ("LCI") and North Carolina Secretary of Correction Theodis Beck (plaintiff's "transportation claim"), advising Fordham that his

---

[1] The court takes judicial notice that Fordham is now incarcerated at Central Prison, and directs the clerk to send this order to him at his current place of incarceration. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0132653 (last visited Nov. 18, 2010). The court further notes that after filing his complaint, but during the pendency of this action, Fordham was incarcerated for some period of time at Pasquotank Correctional Institution, yet failed to tell the court of his change of his address as required by Local Civil Rule 83.3. That rule provides that "[f]ailure to notify the court in a timely manner of an address change may result in dismissal of the action." Local Civ. R. 83.3, EDNC. The court cautions Fordham to comply with the local rules of this court.

failure to comply would result in the dismissal of that claim. Id. Fordham failed to amend his complaint within the time directed by the court, and on January 25, 2010, the court dismissed without prejudice Fordham's claims against the transportation coordinator and Beck, and directed the Clerk to maintain management of the action against defendants Kenworthy and McRae [D.E. 9]. By order filed the same day, the Clerk directed North Carolina Prisoner Legal Services ("NCPLS") to investigate Fordham's claims [D.E. 10].

On March 4, 2010, Fordham filed "out-of-time objections to dismissal of claims in response to court's 1/25/10 order" [D.E. 14], along with a "motion directing clerk to file plaintiff's objections to dismissal of claims out of time responding to court's 1/25/10 order" [D.E. 15] and an affidavit [D.E. 16]. On April 19, 2010, NCPLS filed a notice indicating that it had investigated plaintiff's claim and determined that appointment of counsel was not warranted [D.E. 17]. On May 19, 2010, Fordham filed a motion for default judgment [D.E. 18], along with an affidavit.

On June 18, 2010, Kenworthy and McRae ("defendants") answered the complaint [D.E. 23].[2] On June 23, 2010, defendants filed a motion for summary judgment [D.E. 25]. Defendants rely on the affidavit of Finesse G. Couch, the Executive Director of the North Carolina Inmate Grievance Resolution Board, in support of their motion for summary judgment [D.E. 26–1]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Fordham about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 27]. Fordham did not file any response to the motion, and the time for doing so has

---

[2] On May 19, 2010, Fordham filed his motion for default judgment, contending that defendants had not answered the complaint. Mot. Default J. at 2. On the same day, counsel for defendants filed a motion for extension of time to answer the complaint [D.E. 20]. The Clerk of Court reviewed the motion, found that defendants had shown good cause, and extended the time for defendants to answer to June 18, 2010 [D.E. 21]. Defendants timely filed an answer to the complaint on June 18, 2010 [D.E. 23]. Accordingly, Fordham's motion for default judgment is denied.

2

expired. As explained below, Fordham's motions [D.E. 15, 18] are denied, and the court directs the parties to provide supplemental evidence on defendants' motion for summary judgment [D.E. 25].

I.

A.

First, the court addresses Fordham's objections to the dismissal of his transportation claim, as well as the dismissal of his claims concerning the limited hours of light, confiscation of his property, retaliation, harassment, and conspiracy. Fordham makes two arguments. He first objects to the court's conclusions regarding the merits of the dismissed claims, contending the court "[mis]construed the facts, allegations + statements of claims[,] . . . . wrongly held pltf's complaint to an att'y-drafted professional high standard level[,] . . . . instantly sided with Defendants concerning said issues[, and] . . . . prejudicially overlooked material facts + material laws of said issues" [D.E. 14]. Pl.'s Resp. at 2.

The court treats Fordham's motion as a motion under Rule 54(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of [final] judgment . . . ."); Perry-Bey v. City of Norfolk, Va., 678 F. Supp. 2d 348, 374 (E.D. Va. 2009); Am. Ass'n of Blood Banks v. Boston Paternity, LLC, No. DKC 2008-2046, 2009 WL 3379893, at *3–5 (D. Md. Oct. 16, 2009). Fordham has not presented any argument warranting reconsideration. Accordingly, the court denies the motion.

Fordham next objects that misconduct on the part of prison staff prevented him from amending the transportation claim within the time allotted by the court [D.E. 16]. Pl. Aff. ¶¶ 2–5. Specifically, Fordham states that he did not receive any correspondence between October 1 and November 5, 2008 "due to [his] inability to personally receive + maintain possession of

3

[correspondence] for health and safety reasons or [the correspondence] was lost or stolen by 'CP' staff or other institutions staff." Id. ¶ 4. Fordham also states that at some unspecified time he was denied "adequate mandated legal supplies of functional pens, carbon paper, writing paper, + etc." Id. ¶ 3.

"When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable is "at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993).

Taking into account the entire record, Fordham has not demonstrated excusable neglect. Although the court gave Fordham until October 10, 2008, to amend his transportation claim, it did not dismiss his transportation claim until January 25, 2010, over fourteen months later. Fordham then did not object to the dismissal until March 4, 2010. Fordham has failed to explain why he could not make any attempt to amend his transportation claim between September 15, 2008, and March 4, 2010, and has not even submitted a proposed amendment with his objections. Additionally, Fordham's ability to file three lawsuits in that time frame belies his claim of denial of access to writing materials. See Fordham v. Haywood, No. 5:09-CT-03136-D (E.D.N.C. Aug. 7, 2009); Fordham v. Brayboy, No. 5:08-CT-03127-BO (E.D.N.C. Sept. 24, 2008); Fordham v. Jones, No. 1:08-CV-00678-JAB (M.D.N.C. Sept. 19, 2008). Accordingly the court overrules Fordham's objections and denies them to the extent they are a motion for reconsideration or a motion for an

extension of time. With regard to Fordham's "motion directing clerk to file plaintiff's objections to dismissal of claims out of time responding to court's 1/25/10 order," that motion is denied as moot, given that the clerk did file Fordham's objections.

B.

Next, the court addresses defendants' motion for summary judgment. Fordham's claim against them alleges that, sometime after July 27, 2005,[3] in the course of his incarceration at LCI, McRae and Kenworthy and members of LCI staff subjected him to "an imminent and future known risk of harm" by confining him in dormitories that were constantly filled with cigarette smoke, despite a policy of the Department of Correction which prohibits smoking in prison buildings [D.E. 3]. Pl. Aff. ¶¶ 39–40. A prisoner's exposure to second-hand smoke may give rise to an Eighth Amendment claim if he is exposed to unreasonable levels of ETS and prison authorities are deliberately indifferent to the exposure. See, e.g., Helling v. McKinney, 509 U.S. 25, 35 (1993); Tudor v. Harrison, 195 Fed. Appx. 160, 161 (4th Cir. 2006) (per curiam) (unpublished).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v.

---

[3] Defendants incorrectly state the date as July 27, 2007. Mem. Supp. Mot. Dismiss at 3. Fordham does not give the dates of his exposure to ETS at LCI, but alleges that he was transferred to LCI on July 27, 2005 [D.E. 3]. Pl. Aff. ¶ 1.

5

Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted and emphasis removed).

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Defendants contend that summary judgment is appropriate because Fordham has not exhausted his administrative remedies as to his ETS claim. Couch's affidavit states that a review of all grievances submitted by Fordham "between 1 January 2005 and 31 December 2007" indicates that while "[d]uring that period Plaintiff perfected 19 Step 3 grievances appeals . . . , none relate to exposure to [ETS] at [LCI]. Plaintiff did perfect a Step 3 grievance appeal in No. 4150-05-0454 submitted 30 June 2005, relating to ETS exposure at Pender Correctional Institution occurring on

6

or before 8 April 2004." Couch Aff. ¶ 7. Given that Fordham's instant complaint alleges ETS exposure at LCI after July 27, 2005, his perfected ETS grievance does not relate to his complaint.

Although a prisoner who fails to exhaust the required remedial procedure is normally considered to have failed to exhaust available remedies, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). In his complaint, Fordham alleges that he "submitted/filed a grievance(s) seeking, inter alia, exhaustion" but prison officials "stole/hid/destroy/lost said grievance(s) for whatever reason, refused /failed to process said grievance(s) for <allegedly> grieving about more than one issue, or confiscated + denied [Fordham his] legal property that contained the pertinent and relevant facts needed to file said grievance(s)." Compl. at 1 (emphasis in original).

Defendants have failed to submit evidence contradicting Fordham's allegations that LCI staff denied him access to the grievance procedure. Couch's affidavit indicates a search of Fordham's grievances for a two-year range, but do not indicate whether any of those grievances were filed while Fordham was incarcerated at LCI. The dates of Couch's grievance search encompass a time period beginning approximately seven months before Fordham was transferred to LCI, and ending one month after Fordham filed this action, when he was incarcerated at Scotland Correctional Institution. Therefore, the court needs more information concerning the exhaustion of administrative remedies. Cf. Hill v. Haynes, No. 08-7244, 2010 WL 2182477, at *4–5 (4th Cir. June 2, 2010) (prisoner alleged that prison employees hindered his ability to exhaust his administrative remedies with respect to his claims because they "failed to provide him with the necessary [grievance] forms upon request in some instances . . . and . . . failed to enter his appeals in the system or destroyed them, or simply failed to respond to the forms he did submit in an effort to thwart his ability to exhaust his

administrative remedies[,]" and the Bureau of Prisons failed to present evidence refuting his allegations; "Defendants' reliance on Hill's high volume of filings [is] specious. The fact that Hill filed a great number of complaints in other prisons is irrelevant to the issue of whether his efforts to file grievances were obstructed at USP-Hazelton.").

In Hill, the Fourth Circuit found that the appropriate procedure on similar facts was to "remand for a determination whether the grievance procedure was 'available' to [the plaintiff] so that he could administratively exhaust his claim." Hill, 2010 WL 2182477 at *5. Accordingly, rather than denying the motion for summary judgment, the court directs defendants to supplement the evidence on the issue, and will afford Fordham an opportunity to respond. The court cautions Fordham that he must provide probative evidence on this issue: a "party opposing a properly supported motion for summary judgment may not rest upon mere allegations [in his complaint], but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248 (quotations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249–50 (internal citations omitted); see also Custer v. Bucklew, No. 1:08CV93, 2008 WL 5000106, at *4 (N.D. W. Va. Nov. 21, 2008).

II.

In sum, the court DENIES AS MOOT Fordham's "motion directing clerk to file plaintiff's objections to dismissal of claims out of time responding to court's 1/25/10 order" [D.E. 15], and DENIES Fordham's motion for default judgment [D.E. 18]. The court DIRECTS defendants to supplement, on or before December 17, 2010, their motion for summary judgment with respect to the issue of whether the grievance procedure was available to Fordham. Fordham will have until January 10, 2010 to respond. The court cautions Fordham that his failure to file a response may result in the dismissal of this case.

8

Case 5:07-ct-03157-D   Document 28   Filed 11/19/10   Page 8 of 9

SO ORDERED. This 19 day of November 2010.

JAMES C. DEVER III
United States District Judge