IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3157-D

| | | |
|---|---|---|
| CHRIS FORDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LT. MCRAE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 28, 2007, Chris Fordham ("Fordham" or "plaintiff"), a state inmate incarcerated at Central Prison, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1].[1] On January

---

[1] Fordham is a well-known litigant in this court. See Fordham v. Haywood, No. 5:09-CT-3136-D (E.D.N.C. Feb. 2, 2011) (unpublished) (dismissed without prejudice); Fordham v. Keller, No. 5:10-CT-3072-D (E.D.N.C. May 13, 2010) (complaint); Fordham v. Brayboy, No. 5:08-CT-3127-BO (E.D.N.C. June 15, 2009) (unpublished) (dismissed without prejudice); Fordham v. Dyer, No. 5:08-CT-3099-BO (E.D.N.C. Aug. 4, 2008) (complaint); Fordham v. Barr, No. 5:07-CT-3101-D (E.D.N.C. Sept. 7, 2007) (unpublished) (transferred to M.D.N.C.); Fordham v. Bennett, No. 5:06-CT-3126-FL (E.D.N.C. Mar. 21, 2007) (unpublished) (dismissed without prejudice), appeal dismissed, 272 F. App'x 297 (4th Cir. 2008) (per curiam) (unpublished); Fordham v. N.C. Dep't of Corr., No. 5:98-CT-789-BO (E.D.N.C. Nov. 16, 1999) (unpublished) (summary judgment for defendants), aff'd, 230 F.3d 1352 (4th Cir. 2000) (per curiam) (unpublished table decision); Fordham v. Freeman, No. 5:97-CT-385-BO (E.D.N.C. June 23, 1997) (unpublished) (dismissed as frivolous), appeal dismissed, 133 F.3d 914 (4th Cir. 1997) (per curiam) (unpublished table decision); Fordham v. Lee, No. 5:94-CT-473-BR (E.D.N.C. Jan. 18, 1996) (unpublished) (summary judgment for defendants), aff'd sub nom. Fordham v. Nowell, 91 F.3d 130 (4th Cir. 1996) (per curiam) (unpublished table decision). Fordham is also a prolific (albeit unsuccessful) litigant in the United States District Court for the Middle District of North Carolina. See Fordham v. Barr, No. 1:08-CV-371-JAB-WWD (M.D.N.C. July 16, 2009) (unpublished) (dismissed without prejudice); Fordham v. Jones, No. 1:08-CV-678-JAB-RAE (M.D.N.C. Oct. 24, 2008) (unpublished) (dismissed without prejudice); Fordham v. Jones, No. 1:08-CV-461-JAB-RAE (M.D.N.C. Sept. 2, 2008) (unpublished) (dismissed without prejudice); Fordham v. Barr, No. 1:08-CV-251-JAB-RAE (M.D.N.C. May 15, 2008) (unpublished) (dismissed without prejudice); Fordham v. Barr, No. 1:08-CV-167-JAB-RAE (M.D.N.C. May 15, 2008) (unpublished) (dismissed without prejudice); Fordham v. Barr, No. 1:08-CV-17-JAB-RAE (M.D.N.C. Mar. 26, 2008) (unpublished) (dismissed without prejudice); Fordham v. Hubbard, No. 1:08-CV-44-JAB-RAE (M.D.N.C. Mar. 3, 2008) (unpublished) (dismissed without prejudice); Fordham v. Barr, No. 1:07-CV-679-JAB-RAE (M.D.N.C. Jan. 4, 2008) (unpublished) (dismissed without prejudice).

21, 2011 the court granted defendants' motion for summary judgment [D.E. 33] at 4. The clerk mailed a copy of the order and judgment to Fordham at his address of record,[2] along with a notice of his appellate rights, and Fordham refused delivery of the mailing [D.E. 35].

On March 2, 2011, Fordham filed a "pre-trial motion for preliminary injunction and permanent/temporary restrain[ing] order" [D.E. 36]. The standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). In Winter, the Court held that a possibility of irreparable harm is insufficient to warrant the extraordinary remedy of injunctive relief. Id. at 375–76.

Fordham has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Fordham has failed to meet his burden of proof. Accordingly, the court denies Fordham's motion.

In sum, the court DENIES plaintiff's motion [D.E. 36], and DIRECTS the clerk to mail a second copy of the January 21, 2011 order and judgment [D.E. 33–34] along with a copy of this order to Fordham at his address of record.

---

[2] Fordham remains incarcerated at Central Prison, his address of record. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method =view&offenderID=0132653 (last visited Mar. 29, 2011).

2

SO ORDERED. This 30 day of March 2011.

                                                JAMES C. DEVER III
                                                United States District Judge